IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDERICK CRUMBLEY | § | |
| v. | § | CIVIL ACTION NO. 9:09cv14 |
| GREGORY DAWSON, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Frederick Crumbley, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this lawsuit complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to issue final judgment pursuant to 28 U.S.C. §636(c).

An evidentiary hearing was conducted on June 11, 2009. In his original complaint, Crumbley says that on April 10, 2007, Major Helm charged him with an offense report for possession of a weapon, but the weapons had actually been taken off of an inmate named Williams. Crumbley says that he lived in Cell 23 and Williams lived in Cell 17, but that Helm changed the charge from Williams to Crumbley as though he had possessed the weapons.

Crumbley explains that at 9:45 p.m. the night before, he was called to work inside the unit factory as a fire watch; he was locked in the factory and could not leave until the tracking officer opened the door at 3:30 a.m. or the factory officer opened it at 6:00 a.m. Skinner and Crumbley left the factor at 6 a.m. and walked to the top gate, and from there, Crumbley went to his dorm. About half an hour later, he says, Williams said that he found something inside of his cell and that someone had to put them there during the night. Crumbley states that he had a lay-in pass for the law library at 11 a.m. and went to sleep afterwards; however, he was called to the line building and locked up for possession of weapons.

1

On April 23, 2007, Crumbley says that he went to the disciplinary hearing on this charge. He says that the counselor called the case a conspiracy, and notes that the case was overturned on appeal; however, the case was not removed from his records, and this has affected his parole eligibility every time he has come up for parole.

In his first amended complaint, Crumbley again argues his innocence on the disciplinary case, and says that his records were not corrected until five and a half months later. As a result, he says, he was twice denied parole.

At the evidentiary hearing, Crumbley asserted that as a result of this disciplinary case, he lost both good time and flat (calendar) time. Warden Dewberry, a TDCJ official also present at the hearing, stated that according to prison records, the case had been overturned and all of the good time and classification status which Crumbley had lost had been restored to him. Warden Dewberry stated that disciplinary actions could not result in the loss of flat time. He noted that Crumbley's sentence was calculated as having begun on March 6, 1991, and that the records showed that he had accumulated only 15 years of flat time as of March of 2009, rather than the 18 years which Crumbley said that he should have; the warden stated that TDCJ did not compute sentence time credits, but that this was done by the Parole Board.[1]

Crumbley also filed two more amended complaints, one prior to the hearing and one afterwards. The one prior to the hearing complained of a disciplinary case which he had received from an officer named Shirley Meador, which Crumbley said had been given to him in retaliation, and the later amended complaint said that Meador had caused him to fall into a barbeque pit, resulting in severe burns. The Court will schedule another hearing with regard to the claims raised in these amended complaints, which claims will not be addressed in this opinion.

---

[1]Warden Dewberry noted that Crumbley had been released on parole at one point and had returned to prison with a new conviction; under Texas law, inmates released on parole which is later revoked do not receive credit on their sentence for some or all of the time which was spent on the parole which was later revoked. This fact could account for the missing time on Crumbley's records, although the Court makes no finding to this effect.

Legal Standards and Analysis

The claims raised in Crumbley's original and first amended complaints concern his time credits and the fact that he was passed over for parole as a result of a disciplinary case which was later overturned. Crumbley testified that he was not asking for monetary damages, but wanted release on parole.

The propriety of Crumbley's time credit calculations, as well as the allegedly wrongful denial of parole based on a disciplinary case which was later overturned, are matters which properly sound in habeas corpus rather than a civil rights action under 42 U.S.C. §1983. *See* Johnson v. Pfeiffer, 821 F.2d 1120 (5th Cir. 1987); Jackson v. Torres, 720 F.2d 877 (5th Cir. 1983). The relief sought by Crumbley, his release on parole, can only be granted through a habeas corpus proceeding, and not in a civil rights lawsuit. He is not challenging the procedures used by the Board, but rather the fact or validity of his confinement, and so habeas corpus is the exclusive remedy. *See* Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997); Curry v. Owens, 281 Fed.Appx. 358 (5th Cir., June 10, 2008) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2008 WL 2401440), *citing* Wilkinson v. Dotson, 544 U.S. 71, 81-82 (2005). Because Crumbley brought these claims in the vehicle of a civil rights action, they should be dismissed without prejudice to allow him to pursue his remedies in habeas corpus. Hernandez v. Spencer, 780 F.2d 504, 505 (1986). The dismissal of these claims shall have no effect upon the claims raised in the amended complaint dated June 26, 2009, which claims will be screened pursuant to 28 U.S.C. §1915(g) at a later time. It is accordingly

ORDERED that the Plaintiff's claims concerning the disciplinary case which he received for allegedly possessing a weapon on April 10, 2007, which case was overturned on appeal, and the subsequent denials of parole based upon this disciplinary case, are hereby DISMISSED without prejudice to their reassertion through the vehicle of a habeas corpus petition. It is further

ORDERED that the Plaintiff's claims concerning the calculation of his time credits is likewise DISMISSED without prejudice to their being brought through the vehicle of a habeas

corpus petition. Crumbley is reminded that before he may bring a habeas corpus petition in federal court, he must exhaust available state remedies, including but not limited to an application for habeas corpus in the courts of the State of Texas as well as the time credit dispute resolution procedure provided for by the State of Texas. The dismissal of these claims shall have no effect upon the claims raised in the amended complaint filed on June 26, 2009.

So **ORDERED** and **SIGNED** this 4 day of **August, 2009.**

JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE