IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDERICK JEROME CRUMBLEY | § | |
| v. | § | CIVIL ACTION NO. 9:09cv14 |
| GREGORY DAWSON, ET AL. | § | |

MEMORANDUM OPINION ON THE MOTION FOR SUMMARY JUDGMENT
BY THE DEFENDANT SHERLY MEADOR

The Plaintiff Frederick Crumbley, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceedings pursuant to 28 U.S.C. 636(c). The remaining defendants in the case are Major Frank Helm, Captain Glenn Hopson, Captain Connelly Moore, and food service manager Sherly Meador.

In his complaint and at an evidentiary hearing, Crumbley said that on April 9, 2007, he was at the Gib Lewis Unit when he was called out to work as a "fire watch" in the factory, apparently a night watchman. He stayed the night there and was let out in the morning, at which time he went to the law library and then to sleep. That same day, a weapon was found in the cell of an inmate named Williams, but he, Crumbley, was charged by Major Helms with possessing it.

At the disciplinary hearing, Crumbley called Sgt. Gilchrest to testify that he had been in the factory all night, but the hearing officer pressured Gilchrest into changing his story. Crumbley says that because of his medical condition, he should not be working in the factory at all, but when he complained about this, he was moved to another job and then back into the factory. He speculated that his complaints about his job assignment may have led to the weapons charge.

1

Crumbley stated that he was convicted on the weapons charge and lost his classification status, but he got it back after the case was overturned. However, he served 17 days in solitary confinement as a result of the case, and ever since he got it, the date of his projected release on mandatory supervision keeps changing.

In his amended complaint, Crumbley complained of an incident which occurred on December 18, 2008, in which Meador pushed him into the fire box of a barbeque pit, burning him, and then would not allow him to seek medical care. Instead, he says, Meador applied butter and a cold rag to his burns and broke one of the blisters with a pin. He filed a grievance about the incident and Meador charged him with assaulting her with a weapon, but there was no evidence to support the charge and so the case was dismissed. Crumbley wrote to the warden and also filed five life endangerment complaints, but no investigations were done. He wrote to the warden, the TDCJ Ombudsman, and the director of the prison, and an investigation was eventually begun, but Crumbley never heard anything about it.

After review of the pleadings and testimony, a partial order of dismissal was entered which dismissed all of the defendants except for Hopson, Moore, Helm, and Meador. The Court noted that Crumbley's claim against Hopson involved the writing of a false disciplinary case, which may have been retaliatory; that Captain Moore, the disciplinary hearing officer, pressured a witness to change his testimony so as to support a finding of guilt; that Major Helm assigned him to jobs outside of his medical classification; and that Meador pushed him into the barbeque pit and then denied him medical treatment. These are the claims remaining in the lawsuit.

These four defendants have been ordered to answer and have done so. On January 4, 2011, Meador filed a motion for summary judgment. Crumbley has not filed a response to this motion.

In her motion, Meador argues that Crumbley has not exhausted his administrative remedies, and that she is entitled to qualified immunity even had he done so. The summary judgment evidence shows that Crumbley filed a Step One grievance, which was returned unprocessed because he was complaining about a disciplinary case which was not processed. He filed the same grievance again,

and it was accepted and processed; this time, the grievance was denied because there was no evidence to support his contentions. He did not file a Step Two appeal of this grievance. Thus, Meador says, Crumbley did not exhaust his administrative remedies.

Even had he done so, Meador says, his claim is without merit. In his Step One grievance, Crumbley says that he slipped on some cooking oil and fell into the barbeque pit, but in his amended complaint, he said that Meador caused him to fall into the pit. At the evidentiary hearing, Crumbley said that Meador had pushed him into the pit, although no mention is made of the push in his grievance. In addition, although Crumbley complained that Meador prevented him from getting medical care, the summary judgment evidence shows that Crumbley was seen in the medical department for an unrelated complaint on the day after this incident occurred, and he made no mention of being burned. The Defendant thus asks that Crumbley's claims against her be dismissed.

## Legal Standards and Analysis

### General Standards for Summary Judgment

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994); General Electric Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 948 (5th Cir. 1992); Rule 56(c), Fed. R. Civ. P.

To avoid summary judgment, the non-moving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case; unsubstantiated assertions of actual dispute will not suffice. Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Fifth Circuit has stated that once the moving party has met its burden, the non-movant must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is

entitled to a verdict in its favor. ContiCommodity Services, Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

Summary judgment should be granted when the moving party presents evidence which negates any essential element of the opposing party's claim, including a showing that an essential element of the opposing party's claim is without factual support. First American Bank & Trust of Louisiana v. Texas Life Ins. Co., 10 F.3d 332, 334 (5th Cir. 1994). The granting of summary judgment is proper if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Caldas & Sons v. Willingham, 17 F.3d 123, 126 (5th Cir. 1994). Once the movant makes this showing, the burden shifts to the non-movant to come forward with evidence sufficient to establish the existence of a genuine issue of material fact. Caldas, 17 F.3d at 126-27.

Although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. Hulsey v. State of Texas, 929 F.2d 168, 170 (5th Cir. 1991); *see also* Gordon v. Watson, 622 F.2d 120 (5th Cir. 1980) (litigants may not oppose summary judgment through unsworn materials). Similarly, a bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact. Recile, 10 F.3d at 1097 n.15. A non-movant cannot manufacture a factual dispute by asking the Court to draw inferences contrary to the evidence. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In short, a properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a genuine factual issue exists. Hulsey, 929 F.2d at 170, *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Fifth Circuit has stated that once the defendants have shifted the burden to the plaintiff by properly supporting their motion for summary judgment with competent evidence indicating an absence of genuine issues of material fact, the plaintiff cannot meet his burden by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only

4

a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court added that "summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant." Little, 37 F.3d at 1075.

The fact that a non-movant failed to respond to a motion for summary judgment is not itself a basis for granting that motion; rather, the movant has the initial burden of proof to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law. John v. State of Louisiana Bd. of Trustees for State Colleges and Universities, 757 F.2d 698, 708 (5th Cir. 1985). Once the movant has done so, the burden then shifts to the plaintiff, who must identify specific evidence in the record and articulate the precise manner in which that evidence supports his claims; the district has no duty to sift through the record in search of evidence to support a party's opposition to summary judgment. Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). As for material facts on which the plaintiff will bear the burden of proof at trial, he must come forward with evidence sufficient to enable him to survive a motion for directed verdict at trial. Stults, 76 F.3d at 656; *see also* Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim).

## Exhaustion of Administrative Remedies

Meador argues that Crumbley did not file a Step Two grievance concerning his claims against her, and so his administrative remedies are unexhausted. In Woodford v. Ngo, 126 S.Ct. 2378 (2006), the respondent Viet Mike Ngo, serving a sentence in the California prison system, was placed in administrative segregation in October of 2000 for engaging in "inappropriate behavior" in the prison chapel. Two months later, Ngo was returned to the general population, but with restrictions prohibiting him from participating in a variety of programs, including various religious activities. Some six months after this restriction was imposed, Ngo filed a grievance challenging that action. The grievance was rejected as untimely, and Ngo filed suit.

In his lawsuit, Ngo argued that the exhaustion provision means that inmates cannot bring suit until administrative remedies are no longer available; because these remedies were not available to him at the time he filed his grievance, in that the time had elapsed, the remedies were effectively exhausted. In other words, Ngo contended that once the administrative remedy process became unavailable, even by reason of the delay in filing the grievance, that process had been exhausted. By contrast, the prison officials argued that prisoners must complete the exhaustion process in accordance with applicable procedural rules, including deadlines.

After discussing administrative law and habeas corpus law, the Supreme Court concluded that "proper" exhaustion was required. The Court explained that the benefits of exhaustion could be realized only if the prison grievance system is given a fair opportunity to consider the grievance, and that the system will not have such an opportunity unless the grievant complies with the procedural rules. Woodford, 126 S.Ct. at 2388; *see also* Jones v. Bock, 549 U.S. 199, 218 (2007) (noting that the applicable procedural rules that a prisoner must properly exhaust are defined not by the Prison Litigation Reform Act, but by the prison grievance process itself).

The Fifth Circuit has stated that proper exhaustion of administrative remedies through the TDCJ administrative grievance procedure requires that a prisoner pursue a grievance through both steps for it to be considered exhausted. Johnson, 385 F.3d 503, 515-16 (5th Cir. 2004), *citing* Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). In this case, the competent summary judgment evidence shows that Crumbley did not file a Step Two grievance against Meador after his Step One grievance was denied. Thus, he did not exhaust his administrative remedies on his claims against Meador, and his lawsuit may be dismissed on this basis.

## Conclusion

The Court has carefully examined the record in this cause, including the Plaintiff's pleadings and testimony, the Defendant Sherly Meador's motion for summary judgment, all competent summary judgment evidence submitted by the parties, and all other documents and records in the case. Upon such review, the Court has determined that there are no disputed issues of material fact

concerning the exhaustion issue, and that the Defendant Sherly Meador is entitled to judgment as a matter of law because the Plaintiff Frederick Crumbley failed to exhaust his administrative remedies. It is accordingly

ORDERED that the Defendant Sherly Meador's motion for summary judgment (docket no. 79) is hereby GRANTED and that all of the Plaintiff's claims against Meador are hereby DISMISSED with prejudice for failure to exhaust administrative remedies. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

So **ORDERED** and **SIGNED** this **18** day of **February, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE